# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6200 | **DATE** | 3/6/2012 |
| **CASE TITLE** | Williams vs. Cook et al | | |

**DOCKET ENTRY TEXT**

Consequently, the Sheriff's motion to dismiss is granted and Count IV of the Complaint is dismissed.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

  Plaintiff Montez Williams ("Williams") filed this action claiming his constitutional rights were violated by Correctional Officers Montgomery, Sylvester, Poppa and Unknown Correctional Officers (together, "Defendants"), as well as the Sheriff of Cook County ("the Sheriff"). Williams alleges that Defendants used excessive force in violation of 42 U.S.C. § 1983 ("§ 1983") (Count I); battered him in violation of Illinois state law (Count II); intentionally inflicted emotional distress in violation of Illinois state law (Count III); acted pursuant to one or more informal policies of the Sheriff in violation of § 1983, under the *Monell* doctrine (Count IV); in addition, he seeks indemnification from Cook County under 745 ILCS 10/9-102 (Count V). The Sheriff moves to dismiss the claims asserted against him, presumably in both his individual and official capacities. (Doc. 13). For the reasons presented below, the Sheriff's motion is granted and Count IV is dismissed.

  The following facts are taken from Williams' Amended Complaint and are assumed to be true. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995). On January 27, 2010, Williams was an inmate of the Cook County Department of Corrections. (Doc. 9, Complaint ¶11). On that day, Williams was beaten by Defendants, who grabbed his throat and beat his body, head, and stomach. (¶¶13-14). Williams' hands were restrained with handcuffs and he did not resist. (¶13). At some point during the attack Williams lost consciousness; upon regaining consciousness, he found himself inside Stroger Hospital's trauma observation unit. (¶15). Williams suffered spine tenderness, diffuse abdominal pain, lacerations to his left eyebrow, an abrasion to his left temple, and emotional distress. (¶¶16, 27). Williams still suffers from emotional distress. (¶27).

  When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in a complaint and construes all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of

**STATEMENT**

the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 1949.

William's Complaint names the Sheriff only in Count IV, in which he alleges a *Monell* claim. The Complaint refers to the Defendants–though not to the Sheriff–as "individual defendants." Although there is nothing indicating that Williams' claim against the Sheriff is in his individual capacity, this issue was briefed in the Sheriff's motion to dismiss. Therefore, the Court will address the claim as being asserted against the Sheriff in both his individual and official capacities.

### A. Individual Capacity

Williams alleges that the Sheriff had knowledge of excessive force being used by Cook County Correctional Officers and that he allowed and encouraged false reporting and a code of silence to cover up such incidents. The Sheriff contends Williams' allegations fail to allege the Sheriff's personal involvement, and therefore he fails to state a valid § 1983 claim against the Sheriff in his individual capacity. As stated succinctly:

> Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. Pursuant to this requirement, courts have rejected § 1983 claims based upon *respondeat superior* theory of liability. Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.

*Wolf-Lillie v. Sonquist*, 699 F.2d 864, 870 (7th Cir. 1983). Williams fails to set forth any facts in his Complaint suggesting a causal connection between the alleged beating by Defendants and the Sheriff; at best, his claim is based on a theory of *respondeat superior*. Although Williams alleges there exists a code of silence, he does not provide any facts to support his conclusory statement that such a code exists, or that Defendants failed to report–or reported falsely–any incidents involving excessive force. "Although direct participation is not necessary, there must at least be a showing that the Sheriff acquiesced in some demonstrable way in the alleged constitutional violation." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Williams failed to allege any facts that would suggest to this Court that the Sheriff caused or acquiesced to the beating that Williams alleges he suffered. Consequently, Williams' claim against the Sheriff in his individual capacity is dismissed.

### B. Official Capacity

The Sheriff also argues that Williams fails to state a valid § 1983 claim against him in his official capacity. To assert a proper *Monell* claim, a plaintiff must plead either: an express policy that causes a constitutional deprivation when enforced; a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or an allegation that the constitutional injury was caused by a person with

**STATEMENT**

final policymaking authority.[1] *See Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007).

Williams alleges that three official policies exist. He claims the Sheriff failed to train jail personnel to: (1) recognize the presence or absence of excessive force; (2) report the use of excessive force or otherwise prevent the false reporting of such force; and (3) report misconduct in order to eliminate a "code of silence." Williams does not allege an express policy nor does he allege an injury caused by a person with "final policymaking authority." *Lewis*, 496 F.3d at 656. Williams alleges only that one or more well-settled and widespread practices caused the deprivation of his constitutional rights and that these practices are a result of the Sheriff's failure to train jail personnel regarding excessive force. Yet he fails to provide any factual content from which the Court could draw a reasonable inference above the speculative level. *See Iqbal*, 129 S.Ct. 1937, 1949 (a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). His allegations merely recite the elements of a *Monell* claim, which is conclusory and unworthy of the presumption of truth. *Id*. at 1951. Therefore, Williams' conclusory allegations that the Sheriff failed to train his personnel regarding excessive force, false reporting and the code of silence are insufficient to state a claim. Furthermore, a "pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, ___U.S. ___, 131 S.Ct. 1350, 1360 (2011). Williams' single incident of his alleged constitutional deprivation, unsupported by factual allegations, is insufficient to state a claim against the Sheriff in his official capacity, under the *Monell* doctrine.

Consequently, the Sheriff's motion to dismiss is granted and Count IV of the Complaint is dismissed.

---

1. In addition, "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003). Consequently, Cook County is a necessary defendant.